In the Matter of Supplementary Proceedings: PATRICK J. BREARTON and NATHAN ROSS, as Trustees of QUANDT BREWING COMPANY, INC., in Reorganization under Section 77B of the Bankruptcy Act, Judgment Creditors, *v.* ANDREW TWARDOWSKI, Judgment Debtor.

Supreme Court, Special Term, Albany County, February 6, 1939.

*Manning & Ferber,* for the judgment creditors.

*Wemple, Peters & Wemple,* for the judgment debtor.

*John J. Bennett, Jr., Attorney-General [Isaac I. Marks* of counsel], for the State Comptroller.

SCHENCK, J. On August 16, 1938, the judgment creditors recovered a judgment against the judgment debtor in the amount of $531.15. On August thirteenth the judgment debtor filed with the Liquor Authority an application for a liquor license for the year commencing October 1, 1938, together with a license fee of $400, which sum was thereafter deposited to the credit of the Comptroller. Thereafter, on September 23, 1938, the judgment creditor instituted supplementary proceedings against the judgment debtor by the issuance of a subpœna directed to the Comptroller as a third party, which contained an injunction forbidding the Comptroller to transfer any property or moneys belonging to the judgment debtor in his possession. On October first the Liquor Authority issued a liquor license to the judgment debtor. The application for such license has not been withdrawn, nor has the license been surrendered. No receiver has been appointed in the proceeding.

Upon the application of the judgment debtor for a liquor license and the payment by him of the necessary fee, he became entitled to such license upon fulfilment of the conditions required by law and the rules of the Liquor Authority. It was simply a purchase of a license and the fee therefor became the property of the State. It was not money which belonged to the judgment debtor and held by the State as a deposit, but it was money actually paid for a liquor license for the period beginning October 1, 1938, and on that date the liquor license certificate was actually delivered to the judgment debtor. True, the applicant judgment debtor could have withdrawn his application at any time prior to the issuance of the license, but he did not do so, nor did he thereafter surrender his license. A third party order did not restrain the Comptroller or the Liquor Authority from issuing the license. It simply restrained the Comptroller from disposing of any property or moneys in his hands belonging to the judgment debtor.

In the circumstances the motion must be denied.

Enter order accordingly. No costs.